No. 12,008.

Tax Service Corporation, et al. *v.* Shoff.

Decided April 29, 1929.   Rehearing denied May 20, 1929.

Mr. Clarence L. Ireland, Mr. Sidney Moritz, Jr., Mr. R. H. Blackman, Mr. Henry J. Hersey (deceased), for plaintiffs in error.

Mr. John T. Bottom, Mr. Paul F. Irey, for defendant in error.

*Department Two.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as in the lower court.

Plaintiff, a stock salesman, recovered judgment against the defendants, the Tax Service Corporation and C. W. Savery in the sum of $10,000, said amount claimed to have been earned as 20 per cent commission for the sale of 4,000 shares of the capital stock of defendant corporation.

The defendants are now here on error contending that the court erred in failing to grant defendants' motion for a nonsuit and to direct a verdict for defendants on the ground that the evidence was insufficient to sustain the allegations in the complaint.

The complaint is in two causes of action. The first charges, in substance, that subsequent to January 29, 1925, the defendant corporation authorized the plaintiff to endeavor to sell Dr. J. H. Tilden, 4,000 shares of the capital stock of the defendant corporation for the price of $12.50 per share, agreeing to pay the plaintiff 20 per cent commission for such sale; that plaintiff entered into negotiation with said Tilden to sell him said shares of stock, but was not permitted to consummate said sale because of the action of defendant corporation through defendant, Savery, in selling said stock directly to said Tilden; that the commission on said sale was $10,000, to which he is entitled. The second cause of action adopts the charges in the first cause of action and charges that the defendants had received said $10,000 for the use and benefit of the plaintiff. The answer denies the charges in the complaint and alleges that the stock sold to said Tiden was owned and sold by defendant Savery.

The evidence discloses that the capitalization of the defendant corporation was $500,000, consisting of 25,000 shares of preferred stock and 25,000 shares of common stock, par value of both classes of stock being $10 per share; that in the fall of 1924, the plaintiff was employed as a stock salesman by Myron C. Herrick, who was the then president of the Tax Service Corporation, and thereafter sold certain stock of said corporation to Dr. Tilden, who then informed him that he might be in the market for additional shares at a later date; that on June 13, 1925, defendant Savery sold to Dr. Tilden 5,000 shares of common stock of the defendant corporation receiving therefore the sum of $50,000, $37,500 of which was paid to the defendant corporation and the remainder was retained by Savery, who claimed the right to make such sale in his individual capacity because in October, 1924, at the time he bought into defendant corporation, he was granted an option to purchase 16,000 shares of its common stock at $7.50 per share and that said sale

was made pursuant to said option. In connection with this sale Dr. Tilden testified as follows:

"Q. Do you know Mr. Shoff in this matter? A. Yes.

"Q. Did you buy this stock through Mr. Shoff? A. No, I did not.

"Q. Did you have any dealings with Mr. Shoff in the purchase of this stock? A. Not this stock.

"Q. Did you have any conversation in regard to this stock with him? A. I don't remember ever having any conversation with anybody except in the office, about this purchase.

"Q. How did you happen to buy this stock, Dr. Tilden? A. Because it was offered to me less commission.

"Q. The stock was selling at that time at twelve and a half? A. Yes, sir.

"Q. You were a director of the company? A. Yes, sir.

"Q. And you bought this stock at ten dollars? A. Ten dollars.

"Q. Did you ever have any conversation with Mr. Shoff whereby you agreed to pay twelve and a half a share for 4,000 shares of the common stock? A. No, sir."

The option above mentioned was authorized by the board of directors at a meeting held October 18, 1924 and provided:

"The Tax Service Corporation will agree to give Mr. Savery an option to buy 16,000 shares of the common stock of the corporation at a price of $7.50 per share, full payment to be made in cash or notes on or before April 18, 1926, and in consideration for this option he will:

"(1) Immediately transfer to the company $40,000 of the notes to the Molybdenum Corporation of America as a purchase payment for the stock of the company.

"(2) Transfer to the company additional notes of the Molybdenum Corporation of America in the amount

of $40,000.00 on or before December 31, 1925, as a purchase payment for stock of the company.

"(3)    Allow the company to use the balance of the notes of $108,000.00 of the Molybdenum Corporation of America as collateral together with tax certificates for the bank loans of the company.

"(4)    Sign the bank notes of the company as guarantor until the entire amount of stock covered by the option is purchased or until the option period lapses."

The terms of this option were carried out by defendant Savery. On June 13, at the time of said sale to Dr. Tilden, the records of defendant corporation show that, excluding the optioned stock, there were only 1,100 shares of the common stock unissued.

Assuming that the plaintiff had procured Dr. Tilden as a purchaser ready, able and willing to buy 4,000 shares of the common stock of the corporation at a price of $12.50 per share, the undisputed facts disclose that, through no fault or fraud on the part of defendants, there was never a time when said sale could have been consummated because there never were 4,000 shares of common stock to deliver. The option to Savery to purchase 16,000 shares of the common stock at $7.50 per share, was a valid obligation of the defendant corporation entered into without connivance or fraud at a time when Dr. Tilden was unknown to either defendant, and was in full force and effect at the time of the sale of said stock to Dr. Tilden. The defendant corporation had no right to issue any of said optioned stock in consideration of any common stock sale purchase. The reason for the purchase of the stock in question by Dr. Tilden, according to his undisputed statement, was the opportunity to purchase stock at $10 which was then selling for $12.50 per share. The Tilden sale was 5,000 shares of common stock at $10 a share and was not 4,000 shares at $12.50 per share as charged in the complaint.

From the foregoing, it is clearly apparent that the plaintiff has failed completely to prove the material alle-

gations of his complaint. In fact the evidence discloses that the allegations could not be proven. It was therefore error to deny defendants' motion for a nonsuit and to direct a verdict for defendants.

The judgment of the lower court is accordingly reversed and the case is remanded with directions to vacate the judgment herein entered and to enter judgment for the defendants for costs.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE ALTER concur.